# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL, an individual, | )<br>)<br>) |
| Plaintiff, | ) CASE NO.:<br>) |
| vs. | )<br>) |
| POINTE SOUTH SHOPPING CENTER YKM LLC, a Georgia Limited Liability Company, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues POINTE SOUTH SHOPPING CENTER YKM LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4. MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6. Defendant POINTE SOUTH SHOPPING CENTER YKM LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Pointe South Corners, located at 8476 Highway 85, Jonesboro, GA 30238.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia in Clayton County.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping center, is open to the public and provides goods and services to the public.

10. MS. FARRELL has visited the Property and attempted to utilize the goods and services offered at the Property.

11. While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.

§ 36.304 et. seq. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property during her visits:

    A.    Plaintiff encountered inaccessible parking throughout the Property, (specifically near Furniture & Beyond, Dominican Hair Salon, Citi Trends, Family Dollar, Subway and Wing Plus) due to missing and/or low parking signage and faded paint markings on the ground. Additionally, the disabled use parking spaces servicing Furniture & Beyond also contain large cracks and divots in the pavement and are in a general state of disrepair. These conditions made it difficult for Plaintiff to identify and use the disabled use parking spaces.

    B.    Plaintiff encountered inaccessible parking throughout the Property near Furniture & Beyond, Citi Trends and Family Dollar due to some of the disabled use parking spaces lacking adjacent access aisles or with access aisles with improper dimensions. These conditions made it difficult for Plaintiff to transfer into/out of a vehicle.

    C.    Plaintiff encountered inaccessible sidewalk routes

between the Dominican Hair Salon and Furniture & Beyond and near Family Dollar due to running slopes in excess of 1:20 and a failure to provide handrails on these sections of sidewalk. These conditions made it difficult for Plaintiff to maneuver over this route and increased her risk of a fall.

D. Plaintiff encountered inaccessible curb ramps on all ramps throughout the Property due to disrepair, excessive running slopes, excessive side flare slopes and/or a general failure to provide smooth transitions between the ramps and the adjoining surfaces. These conditions increased Plaintiff's chances of a fall and required that she use extra caution maneuvering over these ramps.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property because she enjoys the shops located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment POINTE SOUTH SHOPPING CENTER YKM LLC, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems

necessary, just and proper.

        Respectfully Submitted,

        KU & MUSSMAN, P.A.
        18501 Pines Blvd, Suite 209-A
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976

        By: */s/ John A. Moore*
            John A. Moore, Esq.
            Georgia Bar No.: 519792
            Of Counsel
            The Moore Law Group, LLC
            1745 Martin Luther King Jr., Drive
            Atlanta, GA 30314
            Tel.: (678) 288-5601
            Fax: (888) 553-0071
            Email: jmoore@moorelawllc.com
            Attorney for Plaintiff